UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ELIZABETH SALZBERG,<br><br>  Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES<br><br>  Defendant. | Civil Action No. 1:11-cv-00071<br><br>**CONSENT PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their respective counsel, that the documents designated "CONFIDENTIAL" which may be produced by the parties for inspection, copying and use in connection with this litigation shall be subject to the following terms, conditions and limitations:

**DOCUMENTS TO WHICH THIS STIPULATION AND ORDER PERTAIN:**

1.  The terms, conditions and limitations of this Consent Protective Order ("Order") shall apply to all confidential information which may be produced by the parties for inspection and photocopying and which is designated as "CONFIDENTIAL" in writing by a Producing Party.

2.  These documents or portions thereof to which this Order pertains as well as the information contained therein shall not be disclosed or made known by counsel for the Receiving Party to any person other than the following persons as provided herein:

    a.  Counsel to this litigation including persons bona fide assisting counsel in the preparation and trial of the within action;

b. The parties, including such directors, officers, representatives or employees of a party or its assignors, to whom disclosure is deemed by the party's counsel to be necessary for the prosecution or defense of this action;

c. Experts or proposed experts and their employees and/or consultants retained by the parties or their counsel for this litigation after such person has agreed in writing (in the form attached as Exhibit A) to abide by the terms and conditions of this Consent Protective Order;

d. The persons who were the authors or addressees of the documents, or who received a copy of the documents;

e. Any other witness or potential witness in this matter after such person has agreed, in writing (in the form attached as Exhibit A), to abide by the terms and conditions of this Consent Protective Order;

f. Any Court before which the present action is pending; and

g. Any mediator who conducts a mediation in this case.

3. The documents to which this Order pertains, all copies thereof, and the information contained therein may be disclosed to the parties, witnesses, counsel to this litigation, the persons bona fide assisting counsel in the preparation and trial of the within action as well as independent experts retained in connection with this litigation provided, however, that such documents are solely for use in this litigation and that prior to any such disclosure witnesses and experts shall consent to be bound by the terms, conditions and limitations of this Order by executing a consent in the form annexed hereto as Exhibit A

1619643_1

and by delivering a copy of such consent to the counsel who has requested their assistance.  Counsel will retain the acknowledgement. Counsel is not required, however, to produce any such acknowledgement to counsel for the other parties.

4.      All documents to which this Order pertains, and any copies thereof, shall remain at all times in the custody of persons subject to this Order as identified above.

5.      Notwithstanding the foregoing, it is agreed that all such documents may be utilized as deposition exhibits, exhibits to motions, and as evidence at trial and any appeals in this matter.  At the written request of a party, counsel shall confer as to additional procedures with respect to confidentiality at the time of trial.  The use of the documents to which this Order pertains at the time of trial shall be subject to such additional orders as the Court may enter with respect to confidentiality.

6.      None of the documents to which this Order pertains or the information contained therein, shall be used by counsel for the Receiving Party or any other person or entity to whom they are provided for any purpose other than for deposition exhibits, motions and the preparation and trial of this action, and any appeals.

7.      If a party files with the Court any Confidential Information in any pre-trial motion or proceeding, such information shall be sealed, subject to release only by order of the Court or by agreement of counsel for the producing party.  Any party may object to filing Confidential Information under seal by serving a written notice to the producing party that identifies the specific Confidential Information within thirty (30) days following its filing, so that a particularized review can occur.  In the event such an objection is served, and the parties cannot resolve the dispute, the dispute shall be submitted to the Court under seal, and such information shall remain sealed pending resolution by the

Court.  The party submitting the Confidential Information to the Court shall do so in a closed envelope with the following legend, "Confidential Pursuant to the Order of the Court."  Unless otherwise agreed by the parties or ordered by the Court, the contents therein may be disclosed only to Counsel of Record and the Court.  Notwithstanding the foregoing, the provisions of this paragraph shall not apply to the sealing of Confidential Information at trial, which shall be determined by the Trial Judge.

8.    The parties stipulate and agree that the disclosure of Confidential Information during discovery or when filed with the Court shall not constitute a waiver or diminution of any privileges held by the party producing such Confidential Information pertaining to other documents or communications which have not been disclosed.

9.    A Producing Party shall be entitled to seek contempt proceedings, injunctive relief, damages or any other appropriate remedy at law or in equity in order to enforce the terms and conditions of this Order.

10.   In the event that any Receiving Party desires to challenge the designation of any document as "CONFIDENTIAL" or otherwise seeks to modify any provisions of this Order, counsel for the Receiving Party may file a motion seeking such relief and the parties will respond to such motion, as with any other discovery motion under rules of Court.  Unless and until modified by the Court, or the parties, any document marked "CONFIDENTIAL" shall continue to be treated as such in accordance with the terms of this Order.

11.   In the event that counsel for a Receiving Party or any party is served with a subpoena requesting any documents marked "CONFIDENTIAL" pursuant to this Consent Order, counsel for the Receiving Party shall immediately provide counsel for the Producing

Party with notice of the subpoena by faxing a copy thereof to counsel for the Producing Party in this litigation. Further, counsel for the Receiving Party as well as the Receiving Party stipulate and agree that they will not produce documents in response to such a subpoena without providing counsel for the Producing Party with such notice and at least 10 days (unless the Court orders otherwise) to respond to the subpoena, i.e., by motion to quash or otherwise.

12. All obligations imposed by the terms and conditions of this Order shall survive and be enforceable notwithstanding the termination of this litigation by final judgment or otherwise.

13. At the conclusion of the litigation, including any appeals, all originals and all copies of all Confidential Documents, and all documents which quote or summarize the Confidential Documents, or data therefrom, other than documents filed with the Court, shall either be returned to the Producing Party who produced them, or destroyed by the Receiving Party. Each counsel may request a certification that all Confidential Documents, and any copies or summaries thereof, were collected from all persons who received them and were either returned to the Producing Party or its counsel, or destroyed, except that each party may retain copies of any exhibits introduced at trial. The party returning the documents may request that the other party maintain copies of some or all of the returned documents for the required retention period of six years and such request shall be honored.

14. The terms of this Protective Order precluding the dissemination, disclosure and return of Confidential Documents shall continue to be binding after the conclusion of this action. The Court shall retain continuing jurisdiction to enforce the

terms of this Protective Order.  The parties and all persons who received Confidential Documents with knowledge of this Order consent to the jurisdiction of the Court for the enforcement of the terms herein.

15.	The parties agree forthwith to submit this Order to the Court to be entered and filed and further agree that prior to approval by the Court, this Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by a Court of competent jurisdiction.

We hereby consent to the form and entry of the within Order.

| | |
|---|---|
| BACKUS, MEYER & BRANCH, LLP<br>116 Lowell Street<br>Manchester, NH 03104<br>Attorneys for Plaintiff<br>Elizabeth Salzberg | MCELROY, DEUTSCH, MULVANEY &<br>CARPENTER, LLP<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ  07962-2075<br>Attorneys for Defendant<br>UBS Financial Services Inc. |
| By:___/s/ Jon Meyer_____<br>       Jon Meyer, Esq. | By:___/s/ J. Michael Riordan_____<br>       J. Michael Riordan, Esq. |
| Dated:  June 24, 2011 | Dated:  June 24, 2011 |

**ORDER**

IT IS SO ORDERED.

Dated: July 11, 2011

_____
Joseph N. Laplante, U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ELIZABETH SALZBERG,<br><br>        Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES<br><br>        Defendant. | Civil Action No. 1:11-cv-00071<br><br>**CONSENT PROTECTIVE ORDER CONSENT FORM** |

I, _____, hereby acknowledge that I have been provided a copy of the Consent Protective Order entered in the above-captioned matter, a copy of which is annexed hereto and incorporated herein by reference.

I further acknowledge that I have read the aforementioned Order and agree to be bound by the terms, conditions, and limitations contained therein regarding the review and disclosure of confidential information in this lawsuit.

Dated:_____                       _____